IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KEVIN RAY PRENTICE, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:21-CV-1324-A |
| | § | (NO. 4:16-CR-149-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of Kevin Ray Prentice, movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The court, having considered the motion, the government's response, the reply,[1] the record, including the record in the underlying criminal case, and applicable authorities, finds that the motion should be denied.

I.

Background

The record in the underlying criminal case reflects the following:

On June 15, 2016, movant was named in a one-count indictment charging him with being a felon in possession of a

---

[1] In support of his reply, movant attaches the declaration of Jocelyn Taylor. The court does not consider new evidence presented in a reply. The declaration does not change the analysis in any event. Movant is simply repeating his claim that the guns were not his, but belonged to Taylor. Further, Taylor confirms that she did not change her testimony in response to any threats or promises by the government.

firearm, in violation of 18 U.S.C. § 922(g)(1). CR Doc.[2] 10. On June 22, 2016, he entered a plea of not guilty. CR Doc. 14. On July 7, 2016, his attorney filed a motion to dismiss the indictment for failure to state a constitutional offense. The motion included the argument that the indictment failed to allege the proper mens rea. CR Doc. 16. Counsel had to concede that the arguments were foreclosed by circuit precedent at the time. Id. at 1. The court denied the motion. CR Doc. 17.

On September 12, 2016, movant appeared before the court with the intent to enter a plea of guilty without benefit of a written plea agreement. CR Doc. 25. Movant and his attorney signed a factual resume setting forth the maximum penalties faced by movant, the elements of the offense, and the stipulated facts establishing that movant had committed the offense. CR Doc. 26. Movant testified under oath at rearraignment that: He understood that he should never depend or rely upon any statement or promise by anyone as to what penalty would be assessed against him and that his plea must not be induced or prompted by any promises, mental pressure, threats, force, or coercion; he had discussed with his attorney how the sentencing guidelines might apply in his case; the court would not be bound

---

[2] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:16-CR-149-A.

2

by the stipulated facts and could take into account other facts; the guideline range could not be determined until the presentence report ("PSR") had been prepared; his term of imprisonment could be as much as ten years; if the court found that he had three previous convictions for a violent felony or a serious drug offense or both, he could be subject to imprisonment of not less than 15 years or more than life; he understood the elements of the offense and he admitted that all of them existed; he had read and understood the indictment; he had read and understood the factual resume and understood everything in it; he was satisfied with his representation; no threats or promises had been made to induce him to plead guilty; and, the stipulated facts in the factual resume were true. CR Doc. 55.

The probation officer prepared the PSR, which reflected that movant's base offense level was 20. CR Doc. 30, ¶ 20. He received a two-level increase for possession of three firearms. Id. ¶ 21. His offense level became 33 because he had at least three prior convictions for a violent felony or serious drug offense, or both. Id. ¶ 26. He received a two-level and a one-level reduction for acceptance of responsibility. Id. ¶¶ 27, 28. Based on his total offense level of 30 and criminal history category of V, movant's guideline imprisonment range was 151 to

3

188 months. Id. ¶ 78. Movant filed objections to the PSR, contending in part that he did not qualify as an Armed Career Criminal, CR Doc. 32, and the probation officer prepared an addendum rejecting that contention. CR Doc. 36. The probation officer prepared a second addendum to the PSR in response to an intervening Fifth Circuit opinion. CR Doc. 38. Movant again objected, persisting in the objection to the Armed Career Criminal enhancement. CR Doc. 40.

On January 27, 2017, movant was sentenced to a term of imprisonment of 188 months. CR Doc. 45. He appealed. CR Doc. 47. The United States Court of Appeals for the Fifth Circuit vacated his sentence and remanded for resentencing, relying on its opinion in United States v. Herrold, 883 F.3d 517 (5th Cir. 2018)(en banc), ("Herrold I"), holding that Texas burglary did not qualify under the Armed Career Criminal Act ("ACCA"). United States v. Prentice, 721 F. App'x 393 (5th Cir. 2018). On remand, the court sentenced movant to a term of imprisonment of 55 months. CR Doc. 74. He again appealed. CR Doc. 76. The government also appealed. CR Doc. 82. By that time, the Supreme Court had vacated Herrold I and the Fifth Circuit had unanimously concluded that Texas burglary was a violent felony for purposes of the ACCA. United States v. Herrold, 941 F.3d 173 (5th Cir. 2019)(en banc). Thus, the appellate court set aside

4

movant's sentence and remanded for reimposition of the original sentence. United States v. Prentice, 956 F.3d 295 (5th Cir. 2020). The court reimposed the original sentence. CR Doc. 90. Movant filed a petition for writ of certiorari, which was denied. Prentice v. United States, 141 S. Ct. 920 (2020).

II.

Grounds of the Motion

Movant urges four grounds in support of his motion, worded as follows:

> Ground One: Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
>
> Ground Two: Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant exculpatory evidence favorable to the defendant.
>
> Ground Three: Denial of effective assistance of counsel.
>
> Ground Four: Counsel's failure to investigate was ineffective assistance of counsel and violated his right to counsel, a fair trial, and due process rights.

Doc.[3] 1 at 7-8. The accompanying memorandum reflects that, in support of his first ground, movant is urging that his counsel was ineffective for failing to contest the constitutionality of the traffic stop. Doc. 2 at 4. In addition, movant adds a fifth

---

[3] The "Doc. __" reference is to the number of the item on the docket in this civil action.

ground, asserting that counsel was ineffective in attacking application of the ACCA. Id. at 13-15.

III.

Standards of Review

A.  28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974);

United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B.  Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just

7

result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

In his first four grounds, movant complains of things his counsel failed to do prior to his plea. First, he says that his conviction was obtained by evidence gained pursuant to an illegal search and seizure. Doc. 1 at 7; Doc. 2 at 4-5. Second, he says that the prosecution failed to disclose exculpatory evidence. Doc. 1 at 7. His memorandum mentions Brady, says that he did not have the required mental state in respect to the elements of the crime, and argues the underlying facts.[4] Third, he again refers to Brady and says that his counsel failed to investigate potential leads and readily available evidence,

---

[4] Here, he alleges that the woman he was with at the gun show, Jocelyn Taylor, took responsibility for the gun purchased and another gun found in the car when movant was arrested. He refers to a "promise not to prosecute" and "implied immunity," but he does not explain what he means. Doc. 2 at 9.

8

including again "implied immunity that was not disclosed." Doc. 2 at 11. And, fourth, movant says that counsel was ineffective for failing to investigate his intellectual disability and failing to hire an expert witness to develop mitigating evidence. Id. at 13.

Movant does not contend that his plea was not knowing and voluntary. Nor could he, as any such contention is belied by the record. Movant testified under oath at rearraignment as set forth above. CR Doc. 54. "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Movant's factual resume is likewise entitled to the presumption. United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994); Hobbs v. Blackburn, 752 F.2d 1079, 1081 (5th Cir. 1985). To be entitled to an evidentiary hearing, the defendant must produce "independent indicia of the likely merit of [his] allegations, typically in the form of one or more affidavits from reliable third parties." Id. "If, however, the defendant's showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in the light of other evidence in the record, an evidentiary hearing is unnecessary." Id. See also United States v. Fuller, 769 F.2d 1095, 1099 (5th Cir. 1985).

9

Movant's guilty plea was knowing and voluntary and made with sufficient awareness of the relevant circumstances and likely consequences. Bradshaw v. Stumpf, 545 U.S. 175, 183 (2005). As the court found, movant was competent to enter the plea. CR Doc. 55 at 29-30. Movant has failed to provide any independent evidence in support of any of his contentions that are at variance with the statements he made, or the answers he gave, while under oath at the rearraignment hearing.

Once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against the defendant are waived. United States v. Cavitt, 550 F.3d 430, 441 (5th Cir. 2008). This includes claims regarding failure to investigate or challenge misconduct and the like. United States v. Glinsey, 209 F.3d 386, 392 (5th Cir. 2000). Where, as here, failure to litigate a Fourth Amendment claim competently is the principal allegation of ineffectiveness, movant must prove that his Fourth Amendment claim is meritorious. Kimmelman v. Morrison, 477 U.S 365, 375 (1986). In addition, movant must show that but for counsel's error, he would not have pleaded guilty but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

A guilty plea also waives pre-plea ineffective assistance of counsel unless the movant can show that he would not have pleaded guilty but for counsel's deficient performance and that

10

he would have insisted on going to trial. Hill, 474 U.S. at 59; Cavitt, 550 F.3d at 441. Here, movant simply says that if he had been properly represented, the results would have been different.[5] As for the contention that he would have gone to trial,[6] movant offers nothing but his post hoc conclusory allegation, Doc. 2 at 12, which is insufficient. Lee v. United States, 137 S. Ct. 1958, 1967 (2017).

Finally, movant argues that his counsel was ineffective on appeal in arguing applicability of the ACCA. However, he relies upon a case decided after imposition of the sentence he now attacks. And, as the government points out, that case, Borden v. United States, 141 S. Ct. 1817 (2021), simply has no bearing on movant's conviction. Doc. 12 at 16-17; United States v. Bell, No. 21-10359, 2021 WL 6097508, at *1 & n.1 (5th Cir. Dec. 20, 2021). Movant has not shown that he received ineffective assistance of counsel in any respect.

V.

Order

The court ORDERS that all relief sought by movant in his motion under 28 U.S.C. § 2255 be, and is hereby, denied.

---

[5] For the reasons discussed by the government, none of these grounds has any merit in any event. Doc. 12.
[6] He makes this allegation only in the argument supporting his third ground. Doc. 2 at 12.

11

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED April 4, 2022.

_____
JOHN McBRYDE
Senior United States District Judge